**In re POOL MASTERS, INC., Debtor.**

**A. W. BECK, Trustee, Plaintiff,**

**v.**

**VIKING STEEL, Defendant.**

Bankruptcy No. 80–00088–BKC–SMW.
Adv. No. 80–0083–BKC–SMW–A.

United States Bankruptcy Court,
S. D. Florida.

June 10, 1980.

A. W. Beck, Trustee.

Raymond B. Ray, Fort Lauderdale, Fla., for Viking Steel.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This action pending before the Court arises from a suit brought by the trustee in bankruptcy, as plaintiff, to recover a fraudulent transfer under Section 548 of the Code; a preferential transfer under Section 547 of the Code or, in the alternative, a money judgment in the amount of the motor vehicle transfer.

The Court has a jurisdiction over the parties and the subject matter of the litigation. The pleadings consist of a complaint by the plaintiff and certification of service upon the defendant Viking Steel. The plaintiff appeared at trial and offered testimony and evidence in support of his position. The defendant failed to appear at trial and failed to offer any evidence in support of a position against that of the trustee in bankruptcy.

The bankrupt, Pool Masters, Inc., was engaged in the business of constructing swimming pools. The defendant, Viking Steel, was a materialman who supplied steel to the bankrupt for the construction of the

pools. The bankrupt filed his voluntary petition under Chapter 7, of Title 11, United States Code, on January 23rd, 1980. Approximately sixty days prior to the filing of the afore described petition, the bankrupt transferred to the defendant, Viking Steel, a 1974 van. The parties apparently agreed that the transfer of this motor vehicle would be in payment of outstanding invoices totaling $1,700.00 and, in effect, agreed to a value of the van in said amount. At the time of the transfer of the van the bankrupt was insolvent.

The payment to the defendant, Viking Steel, was for an antecedent debt and enabled Viking Steel to receive a greater distribution then it normally would have received in the bankruptcy proceedings herein. Accordingly, the defendant, by establishing a value on the van of $1,700.00 and then receiving said van as payment on an antecedent debt, became the recipient of a preference under Section 547 of the Bankruptcy Code.

Accordingly the transfer made to the defendant is declared to be a preferential transfer under Section 547 of the Bankruptcy Code and is hereby declared null and void. The defendant is directed to transfer to the trustee in bankruptcy, for the benefit of all creditors, the sum of $1,700.00, for which judgment shall forthwith issue.